UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRAD JENKINS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   No. 4:16-CV-01550 AGF |
| | ) |
| JILL JENKINS SEIFERT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Jill Jenkins Seifert's motion to dismiss (ECF No. 5) pursuant to Federal Rule of Civil Procedure 12(b). For reasons set forth below, this motion shall be denied.

## BACKGROUND

This matter arises out of a dispute between siblings regarding the disposition of their mother's assets and whether such disposition was the result of Defendant's exercise of undue influence over their mother. Plaintiff alleges in his Complaint that Gene Jenkins ("Father") initiated divorce proceedings against Ruth Jenkins ("Mother") on or about March 2, 2012 ("Divorce Proceedings"). During the course of the Divorce Proceedings, Mother executed a Durable Power of Attorney granting "attorney general powers" to Defendant, including the power to take complete charge of Mother's assets and affairs and to sell, assign, or convey real or personal property owned by Mother. ECF. No. 1-2. On January 22, 2013, Defendant was appointed Mother's guardian *ad litem* and, following the Divorce Proceedings, Defendant was reappointed as Mother's

1

guardian *ad litem*. In the affidavits in support of her appointment and reappointment as guardian *ad litem*,[1] Defendant represented that "[Mother] is currently incapacitated to act in her own best interest and to participate as a party in the pending cause of action because of the effects of depression, alcoholism, multiple medications." ECF Nos. 1-3, 1-4. Defendant also represented that Mother contacted her directly and requested that Defendant act as Mother's guardian *ad litem*. *Id.* After Defendant was reappointed Mother's guardian *ad litem*, Mother moved from St. Louis County, Missouri to Harris County, Texas to reside with Defendant.

Plaintiff claims that at the time the Divorce Proceedings were finalized, Mother possessed assets valued at approximately $750,000.00, including bank accounts, investment accounts, proceeds from the sale of real property, personal property, retirement, disability, and death benefit payments, and social security payments (collectively, "Assets"). Plaintiff alleges in his Complaint that a vast majority of Mother's assets were in investment accounts with Edward Jones ("Edward Jones Accounts"). Mother designated Defendant as the sole beneficiary of the Edwards Jones Accounts on February 15, 2013, three years before Mother's death. Plaintiff alleges in his Complaint that from "at least January 2, 2013 until the date of her death on February 21, 2016, [Mother] was incapacitated and incompetent to handle her own affairs." ECF No. 1 at ¶ 10.

On February 21, 2016, Mother died without a will as a resident of Harris County, Texas. Plaintiff filed the instant lawsuit asserting five counts against Defendant for: (1) a

---

[1] These affidavits were attached to Plaintiff's Complaint. ECF Nos. 1-3, 1-4.

2

declaration that the lifetime transfers of property are void or invalid due to undue influence and ordering Defendant to repay the amounts received; (2) declaratory relief to void or invalidate the Edward Jones Account transfers and order Defendant to repay the amount received; (3) discovery of assets under Missouri law; (4) breach of fiduciary duty; and (5) conversion.  Plaintiff asserts diversity jurisdiction as Plaintiff resides in Missouri, Defendant resides in Texas, and the Assets challenged in the Complaint exceed $75,000.00.  In response, Defendant filed this motion to dismiss under Federal Rule of Civil Procedure 12(b).

## **ARGUMENTS OF THE PARTIES**

Defendant argues in her motion that venue is improper and that, therefore, the action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3). Specifically, Defendant argues under the so-called "probate exception" to federal jurisdiction that purely probate matters cannot be adjudicated in federal courts based upon diversity of citizenship, and that this action must be adjudicated in the probate court in Harris County, Texas, which has exclusive jurisdiction over Plaintiff's claims. Defendant further contends that Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff lacks standing to assert his claims as an "heir" of Mother's estate because no proceeding to determine heirship has taken place and, as a result, there has been no judicial determination of the "heirs" of Mother's estate, as required by the Texas Estates Code.  ECF No. 5.

In response, Plaintiff argues his claims do not fall within the probate exception because the assets at issue are not and were never part of Mother's estate and he is

3

seeking redress from Defendant personally for acts undertaken in her individual capacity, not in her capacity as the administrator of Mother's estate. Plaintiff further argues that it is undisputed that he is an heir to Mother's estate because Defendant, in her Application for Letters of Administration, represented to the Texas probate court that she and Plaintiff were the only heirs. ECF No. 6.

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court must accept the plaintiff's factual allegations as true and construe them in plaintiff's favor, but it is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Id.* at 678; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). A court must "draw on its judicial experience and common sense," and consider the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (quoting *Iqbal,* 556 U.S. at 679).

## DISCUSSION

1. **Motion to Dismiss for Improper Venue Pursuant to Federal Rule of Civil Procedure 12(b)(3)**

Although Defendant filed her motion pursuant to Rule 12(b)(3) for improper venue, her argument is really a challenge to this Court's subject matter jurisdiction. Defendant

4

argues in her motion to dismiss that the Assets referenced in Plaintiff's Complaint are within the jurisdiction of the probate court and concern purely probate matters. ECF No. 5 at ¶ 14. In response, Plaintiff argues that because the Assets challenged in the Complaint were either transferred during Mother's lifetime or were transferred upon death, they are not subject to the jurisdiction of the probate court and instead may be adjudicated in this Court. ECF No. 6 at 3-4. Furthermore, Plaintiff argues that his claims do not qualify as a "matter relating to a probate proceeding" under the Texas Estates Code.

This Court and all federal courts are courts of limited jurisdiction that can only exercise power authorized by the Constitution and statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The "probate exception" to otherwise proper federal jurisdiction provides that "a federal court has no jurisdiction to probate a will or administer an estate." *Markham v. Allen*, 326 U.S. 490, 494 (1946); *see also Sutton v. English*, 246 U.S. 199, 205 (1918). The *Markham* Court recognized that federal courts have long been able to "entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate . . . so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." 326 U.S. at 494 (internal citations omitted). Recognizing that lower courts were unduly extending the probate exception, the United States Supreme Court in *Marshall v. Marshall* clarified the meaning of "interfere with the probate proceedings" as follows:

> [W]e comprehend the "interference" language in *Markham* as essentially a reiteration of the general principle that, when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction

> over the same *res*. Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

547 U.S. 293, 311-12 (2006) (internal citations omitted). In other words, "if the plaintiff seeks an *in personam* judgment against [the defendant] and not a *res* in the custody of a state court, the federal district court may properly adjudicate the claim. *McAninch v. Wintermute*, 491 F.3d 759, 766 (8th Cir. 2007) (internal citations omitted) (holding that the probate exception does not apply to plaintiff's claims of libel, breach of contract, and declaratory judgment for duty to defend decedent).

The probate exception does not apply to assets transferred during the decedent's lifetime because those assets are not within the decedent's estate and, therefore, not subject to the probate court's jurisdiction. *Wisecarver v. Moore*, 489 F.3d 747, 750–51 (6th Cir. 2007). State law may designate other assets as falling outside the jurisdiction of the probate court because they are not part of the estate. In Texas, a "payable on death" or "P.O.D." account is an account with a financial institution that is payable to one or more named payees upon the account owner's death.[2] *In re Estate of Perez-Muzza*, 446 S.W.3d 415, 422 (Tex. App. 2014) (citing *Stauffer v. Henderson*, 801 S.W.2d 858, 863 (Tex.1990)); Tex. Est. Code Ann. § 113.004(4); Tex. Est. Code Ann. § 113.001(5). The payment of account funds to the beneficiary of a P.O.D. account is considered a nontestamentary transfer. *In re Estate of Perez-Muzza*, 446 S.W.3d at 422 (internal

---

[2] It is undisputed by the parties that because Mother died in Texas, Texas probate law applies.

citations omitted). Proceeds from a nontestamentary transfer pass outside of probate proceedings and the personal representative of the decedent's estate has no authority with respect to them. *Id.* at 422 (citing *Irwin v. Irwin*, 307 S.W.3d 383, 385 (Tex. App.-San Antonio 2009, pet. denied)).

Defendant urges the Court to find that this matter qualifies as a matter related to a probate proceeding under the Estates Code. For a suit to fall within the provisions of the Texas Estates Code regarding jurisdiction and venue, it must qualify either as a "probate proceeding" or a "matter related to a probate proceeding" as defined by the Estates Code. *See, e.g.*, Tex. Est. Code §§ 32.001(a), 33.002, 33.052, 33.101; *see also* Tex. Est. Code Ann. § 21.006 (stating procedure in Title 2 of the Estates Code "governs all probate proceedings"). Section 31.001 of the Texas Estates Code provides:

> The term "probate proceeding," as used in this code, includes:
>
> > (1) the probate of a will, with or without administration of the estate;
> > (2) the issuance of letters testamentary and of administration;
> > (3) an heirship determination or small estate affidavit, community property administration, and homestead and family allowances;
> > (4) an application, petition, motion, or action regarding the probate of a will or an estate administration, including a claim for money owed by the decedent;
> > (5) a claim arising from an estate administration and any action brought on the claim;
> > (6) the settling of a personal representative's account of an estate and other matter related to the settlement, partition, or distribution of an estate; and
> > (7) a will construction suit.

*See also* Tex. Est. Code Ann. § 22.029. Matters relating to a probate proceeding include actions brought against the personal representative of an estate and actions related to estate property. *See* Tex. Est. Code Ann. § 33.002.

7

Defendant argues that Plaintiff's claims are predicated on a determination of heirship and involve property belonging to Mother's estate. In response, Plaintiff argues that his status as an heir is uncontested,[3] that the claims asserted in the Complaint are against Defendant in her capacity as an individual, and that the Assets at issue are not estate property as a matter of law.

On a motion to dismiss, the Court accepts the plaintiff's factual allegations as true and construes them in plaintiff's favor. Plaintiff asserts his claims against Defendant in her individual capacity and claims that she exerted undue influence over Mother, to his detriment. He further alleges in his Complaint that as a result of this undue influence, Mother executed a payable on death form with regard to the Edward Jones Accounts, with Defendant named as the primary beneficiary. He also identifies a number of other assets, including proceeds from the sale of real property, bank accounts, and social security payments, that were transferred by Mother to Defendant during Mother's lifetime. ECF No. 1 at ¶ 14; ECF No. 1-5.

Here, Defendant has failed to establish that the factual allegations contained in Plaintiff's Complaint bring this action within the jurisdiction of the Texas probate court. The matter is not brought against Defendant in her capacity as the administrator of Mother's estate, and Defendant has not shown that the Assets challenged in the Complaint are part of Mother's estate under Texas law. As discussed above, an account that is transferred on death is not part of a decedent's estate. Therefore, accepting Plaintiff's

---

[3] The arguments of the parties concerning heirship will be discussed more thoroughly in the next section.

factual allegations as true, the Edward Jones Accounts were transferred on death and, therefore, fall outside the probate exception. *In re Estate of Perez-Muzza*, 446 S.W.3d at 422. Similarly, the remaining Assets challenged by Plaintiff were transferred during Mother's lifetime, thereby removing those assets from the limited scope of the probate exception. *Wisecarver*, 489 F.3d at 751. As a result, the probate exception does not deprive this Court of subject matter jurisdiction over Plaintiff's claims, which request that the Court exercise *in personam* jurisdiction over Defendant in her individual capacity and not over a *res* in the custody of Harris County, Texas probate court.

   **2. Motion to Dismiss for Failure to State a Claim**

Defendant's claim that Plaintiff lacks standing also fails. Plaintiff has properly alleged, in a verified complaint, that he is one of Mother's heirs. Defendant has not asserted otherwise. Rather, Defendant simply alleges that Plaintiff has not applied under state law to be declared an heir. But there is nothing in this record suggesting any need to initiate such a proceeding.

To the contrary, Plaintiff's status as an heir appears to be undisputed. Defendant nowhere claims Plaintiff is not an heir. Indeed, in Defendant's Application for Letters of Administration, attached to Plaintiff's response to this motion to dismiss, Defendant herself acknowledged Plaintiff to be an heir. Ordinarily, documents not attached to the complaint, or not expressly incorporated therein, are not considered on a motion to dismiss, unless the proceeding is properly converted into one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(b)(6). However, in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court may consider matters

9

necessarily embraced by the pleadings and is "not precluded in [its] review of the complaint from taking notice of items in the public record." *Papasan v. Allain*, 478 U.S. 265, 269 n. 1 (1986); *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss"). "In this circuit, Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or opposition to the motion. . . . Some materials that are part of the public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion." *Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999). In Missouri, as in other states, court records are public records. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597–98 (1978); *Pulitzer Publ'g Co. v. Transit Cas. Co.*, 43 S.W.3d 293, 300–01 (Mo. banc 2001).

Here, Defendant did not submit a reply disputing the authenticity of the Application for Letters of Administration attached to Plaintiff's response, and that document contains Defendant's admission that Plaintiff is an heir. Moreover, the Court may take judicial notice of matters of public record. Defendant represented to the Texas probate court that she and Plaintiff were Mother's only heirs, and she cannot take the opposite position for the benefit of her arguments before another court. Therefore, Defendant's arguments with regard to Plaintiff's standing as an heir fail.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss Plaintiff's complaint (ECF No. 5) is **DENIED**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 12th day of June, 2017.