UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRAD JENKINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:16-CV-01550-AGF |
| JILL JENKINS SEIFERT, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM & ORDER**

This matter is before the Court on Defendant's motion for reconsideration. ECF No. 14. Defendant argues that the Court should reconsider its June 12, 2017 Order denying Defendant's motion to dismiss for the following reasons: (1) Plaintiff lacks standing because his claims are predicated on a determination of heirship in Harris County, Texas; (2) Plaintiff lacks Article III standing; (3) all of Plaintiff's claims are subject to the probate exception and should be dismissed; and (4) Plaintiff's claim for breach of fiduciary duty should be dismissed for failure to state a claim. Plaintiff opposes the motion, arguing that the Court properly considered and ruled on the issues contained in Defendant's motion to dismiss and that the Court should not consider issues that were not previously presented to the Court. ECF No. 16. For the reasons set forth below, Defendant's motion for reconsideration will be denied.

1

**DISCUSSION**

I.    **Legal Standard**

The Court agrees with Defendant that Rule 54(b) applies to the motion for reconsideration. A district court has "the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *K.C. 1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007) (internal quotation marks and citation omitted). Although the Federal Rules of Civil Procedure do not expressly provide for motions to reconsider, Rule 54(b) encompasses the power to revise an interlocutory order any time prior to the entry of final judgment. *See, e.g., Thunder Basin Coal Co., L.L.C. v. Zurich Am. Ins. Co.*, No. 4:12-CV-231 (CDP), 2013 WL 6410012, at *1 (E.D. Mo. Dec. 9, 2013); *Jiang v. Porter*, No. 4:15-CV-1008 (CEJ), 2016 WL 193388, at *1 (E.D. Mo. Jan. 15, 2016) (applying Rule 54(b) to a motion to reconsider the denial of a motion to dismiss).

Rule 54(b) provides that "any order . . . [that] does not end the action as to any of the claims or parties [ ] may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Under Rule 54(b), a court may reconsider an interlocutory order to "correct any clearly or manifestly erroneous findings of fact or conclusions of law." *Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada*, No. 4:00-CV-1073 (CEJ), 2011 WL 1599550, at *1 (E.D. Mo. Apr. 27, 2011) (internal quotations and citations omitted).

"A motion to reconsider under Rule 54(b), however, may not serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought." *Id.* (quoting *Jones v. Casey's Gen. Stores*, 551 F. Supp. 2d 848, 854 (S.D. Iowa 2008)); *see also Evans v. Contract Callers, Inc.*, No. 4:10-CV-2358 (FRB), 2012 WL 234653, at *2 (E.D. Mo. Jan. 25, 2012) ("Although the Court 'has the power to revisit prior decisions of its own . . . in any circumstance, [it] should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.'") (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)). "[W]hen evaluating whether to grant a motion to reconsider, the Court also has an interest in judicial economy and ensuring respect for the finality of its decisions, values which would be undermined if it were to routinely reconsider its interlocutory orders." *Trickey v. Kaman Indus. Techs. Corp.*, No. 1:09-CV-00026 (SNLJ), 2011 WL 2118578, at *2 (E.D. Mo. May 26, 2011) (internal citation omitted).

## II. Standing

Defendant first argues that Plaintiff lacks standing because he has not been adjudicated an heir by the Texas probate court. This argument is contained in Defendant's motion to dismiss, and the authorities set forth in Defendant's motion for

reconsideration are almost identical to those set forth in Defendant's reply.[1]  ECF No. 10-1.  The Court previously ruled on Defendant's arguments regarding Plaintiff's standing as an heir and specifically pointed to Defendant's failure to dispute the Application for Letters of Administration attached to Plaintiff's response to Defendant's motion to dismiss.  Defendant represented to the Texas probate court that she and Plaintiff were the only heirs, and she cannot take the opposite position for the benefit of her arguments before another court.  Defendant in her motion for reconsideration did not dispute the representation she made to the Texas probate court, provide any new evidence that would require reconsideration of the Court's previous analysis on this point, or show any clearly or manifestly erroneous conclusions of law that would result in injustice.

In her motion for reconsideration, Defendant also argues that Plaintiff lacks Article III standing, which was not previously raised or briefed.  While Defendant's motion for reconsideration may not serve as a vehicle to identify legal arguments which could have been, but were not, raised during the motion to dismiss, Defendant correctly notes that Article III standing is a jurisdictional requirement, and "[a]ny party or the court may, at any time, raise the issue of subject matter jurisdiction." *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009) (internal citation omitted).

---

[1] Defendant filed her motion to dismiss on December 8, 2016.  ECF No. 5.  Plaintiff filed his response to the motion on December 15, 2016.  ECF No. 6.  The Court entered its order denying Defendant's motion to dismiss on June 12, 2017.  ECF No. 9.  Later that day, Defendant filed a motion for leave to file a memorandum in reply to Plaintiff's response.  ECF No. 10.  The reply included an argument not raised in its motion to dismiss that asserted deficiencies in Plaintiff's claim for breach of fiduciary duty.

To establish Article III standing, a plaintiff must show (1) an "injury in fact," (2) a sufficient "causal connection between the injury and the conduct complained of," and (3) a "likel[ihood]" that the injury "will be redressed by a favorable decision." *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Defendant argues that Plaintiff cannot show an actual or threatened injury, and she cites *Lamica v. LaPierre*, No. 5:05 CV 964 (JFJS/GJD), 2006 WL 3423861, at *1 (N.D.N.Y. Nov. 28, 2006) in support. Specifically, Defendant argues that *Lamica* stands for the proposition that if the only damage inflicted by the alleged wrong is a reduction of the estate's assets, that injury does not satisfy the standing requirements of Article III.

Defendant, however, misconstrues the holding in *Lamica*. There, the second will at issue leaving all real property to the plaintiff and all personal property to the defendant was presumed valid due to the res judicata effect of its probate in Virginia. If the plaintiff were to prevail in his lawsuit against the defendant, the damages sought would go to the estate and not benefit the plaintiff or the plaintiff's share in the estate. As a result, the district court held that the plaintiff could not show an actual or threatened injury under Article III. *Id.* at *3.

Therefore, *Lamica* does not, as Defendant argues, stand for the proposition that a reduction in the estate can never constitute an actual or threatened injury under Article III. Plaintiff here asserts that he was injured as a result of Defendant's undue influence over Ruth Jenkins, which resulted in a number of lifetime transfers that diminished Ruth

Jenkins' assets at the time of her death. Here, Mother apparently left no will, and Plaintiff claims in his complaint that these lifetime unlawful transfers should be voided. To the extent such transfers reduced the assets contained in the estate, to which Plaintiff appears to have a claim, his interests are affected. In the absence of evidence to the contrary, the Court finds that, at this juncture, Plaintiff has Article III standing to sue.

### III. Probate Exception

Defendant again argues that Plaintiff's claims are subject to the probate exception and should be dismissed. Defendant points to the relief sought by Plaintiff, which includes a declaration by the Court that the lifetime transfers are void or invalid for undue influence and that proper title or right to possession of the assets transferred through lifetime transfers be that of the estate of Ruth Jenkins. Plaintiff also requests that the Court order Defendant to repay the amounts she received to the estate of Ruth Jenkins or transfer the lifetime transfers into a constructive trust for the benefit of the estate of Ruth Jenkins.

But Defendant reads Plaintiff's complaint too narrowly. Plaintiff also requests that the lifetime transfers be set aside, be declared void and/or invalid, and that Defendant be ordered to repay the amounts received. While Defendant may be correct that this Court may lack jurisdiction to order that the property at issue be declared to be that of the estate, that does not impact the other relief sought.[2]

---

[2] As discussed below, Plaintiff has requested and will be granted leave to amend his complaint.

As indicated in the Court's previous order, the probate exception does not apply to assets transferred during the decedent's lifetime because those assets are not within the decedent's estate and, therefore, are not subject to the probate court's jurisdiction. *Wisecarver v. Moore*, 489 F.3d 747, 750–51 (6th Cir. 2007). State law may designate other assets as falling outside the jurisdiction of the probate court because they are not part of the estate. In Texas, a "payable on death" or "P.O.D." account is an account with a financial institution that is payable to one or more named payees upon the account owner's death. *In re Estate of Perez-Muzza*, 446 S.W.3d 415, 422 (Tex. App. 2014) (citing *Stauffer v. Henderson*, 801 S.W.2d 858, 863 (Tex. 1990)); Tex. Est. Code Ann. § 113.004(4); Tex. Est. Code Ann. § 113.001(5). Defendant even cites case law in her motion for reconsideration supporting the Court's holding that the payment of account funds to the beneficiary of a P.O.D. account is considered a nontestamentary transfer. *Dawson v. Lowrey*, 441 S.W.3d 825, 833 (Tex. App. 2014) ("Because P.O.D. accounts are nontestamentary, there is no instrument relating to them that must be probated."). Indeed, even *Lamica*, discussed above and cited by Defendant, recognizes this proposition and that different requests for relief may require different treatment.

A motion for reconsideration should only be granted to correct manifest errors of law or fact or to present newly discovered evidence. *In re K-V Pharm. Co. Sec. Litig.*, No. 4:11CV01816 AGF, 2014 WL 2559137, at *2 (E.D. Mo. June 6, 2014), *aff'd sub nom. Julianello v. K-V Pharm. Co.*, 791 F.3d 915 (8th Cir. 2015). Defendant's arguments as to the probate exception fail to meet this standard.

## IV. Claim for Breach of Fiduciary Duty

Defendant argues that Plaintiff's claim for breach of fiduciary duty should be dismissed pursuant to Rule 12(b)(6). Plaintiff responds that Defendant's challenge to Plaintiff's claim for breach of fiduciary duty was not raised in Defendant's motion to dismiss and, therefore, should not be considered on a motion for reconsideration. Plaintiff, however, concedes that he is willing to dismiss without prejudice the claim of breach of fiduciary duty. He also requests leave of the court to add additional causes of actions against Defendant and amend his request for damages.[3]

Defendant points the Court to Missouri and Texas law holding that a fiduciary relationship must exist between the parties in order to state a claim for a breach of fiduciary duty. Defendant's arguments are well taken. However, in light of Plaintiff's request to amend his complaint, the Court will reserve ruling at this time.

"The court should freely give leave [for a party to amend his pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff's request to amend his complaint is timely under the Case Management Order. ECF No. 11. Therefore, the Court will grant Plaintiff's request for leave to amend his complaint.

Accordingly,

---

[3] A district court is prohibited by the probate exception from imposing, for example, a constructive trust over assets or extinguishing the ownership interests of rival claimants to specific estate property because that would be an endeavor to dispose of property which is in the custody of the state probate court. *See, e.g. Parks v. Kiewel*, No. 6:15-1196-JTM-GEB, 2015 WL 7295457, at *6 (D. Kan. Nov. 18, 2015) (finding that the court may award money damages, but declining plaintiff's request that the court disinherit the defendant, as that would require the court to administer a will).

**IT IS HEREBY ORDERED** that Defendant's motion for reconsideration (ECF No. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend his complaint. Plaintiff shall file an amended complaint within **seven (7) days** of this Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 11th day of August, 2017.